# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KERRY ZASK and WILLIAM ZASK,

Plaintiffs,

v.

KOHL'S CORPORATION,

Defendant.

Case No. 25-CV-948-JPS

**ORDER**

On April 22, 2026, the parties in this case filed a stipulated motion for the entry of a protective order. ECF No. 19. The parties request that the Court enter such an order because "discovery in this matter will information and documents that contain personal medical and financial information, trade secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information." *Id*. at 1. According to the parties, a protective order will "establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality." *Id*.

While the parties broadly identify the kinds of information to be protected, the above explanation is an inadequate basis to enter such an order. *See id.* Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "specifying terms . . . for . . . disclosure[s] [and] discovery." FED. R. CIV. P. 26(c)(1)(B); *see also* CIV. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. FED. R. CIV. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause).

The Court will deny, without prejudice, the parties' motion at this juncture because the parties have provided insufficient information for the Court to determine if good cause exists for a protective order. *See* CIV. L.R. 26(e)(1) ("All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."). By extension, the requested protective order is also not narrowly tailored. If the parties choose to renew their motion, they must provide the categories of information they expect to be treated as confidential under the anticipated order and describe the good cause for such treatment. *Id.* The Court further directs the parties' attention to the Eastern District of Wisconsin's protective order template, attached as an appendix to the Local Rules. It may be prudent to start any drafting from this template for a renewed motion.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order, ECF No. 19, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Page 3 of 3